UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMALIA ADAMS, and JOHN A. ADAMS,

        Plaintiffs,                            Case No. 22-10405

v.                                            Honorable Nancy G. Edmunds

EXPERIAN INFORMATION
SOLUTIONS, INC., et al.,

        Defendants.

_____/

**OPINION AND ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE**

Plaintiffs, by their attorney, initiated this action on February 24, 2022. On September 30, 2022, this Court granted Plaintiffs' attorney's motion to withdraw as counsel from this case and ordered Plaintiffs to, within 60 days, secure new counsel or inform the Court of their intention to proceed pro se. (ECF No. 25.) Plaintiffs were put on notice that their failure to comply with the Court's Order may result in dismissal of this case for failure to prosecute under Eastern District of Michigan Local Rule 41.2. (*Id.*) More than 60 days passed without any communication or action from Plaintiffs. Plaintiffs were therefore ordered to show cause, in writing and within 10 days, why this case should not be dismissed for failure to prosecute. (ECF No. 28.) The Court warned Plaintiffs that it would dismiss this case if Plaintiffs failed to show cause. (*Id.*) More than 30 days have now passed and Plaintiffs have failed to comply with the Order to Show Cause or communicate with the Court. The Court therefore orders that this case be dismissed.

There are four factors that a district court considers in dismissing a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005). "Although typically none of the factors is outcome dispositive ... a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* At 363. *See also* E.D. Mich. L.R. 41.2 (allowing the Court to dismiss a case for failure to prosecute if "the parties have taken no action for a reasonable time.")

Here, each of the *Wu v. T.W. Wang* factors support dismissal. As for the first factor, Plaintiffs' conduct constitutes a clear record of delay. Plaintiffs have taken no action in this case in a number of months despite this Court's repeated prompts to do so. This conduct "shows willfulness and fault in that [Plaintiffs were] at best extremely dilatory in not pursuing [their] claim[s], which indicates an intention to let [their] case lapse." *Shafer v. City of Defiance Police Dept.*, 529 F.3d 731, 739 (6th Cir. 2008). As for the second factor, Defendants have been prejudiced by Plaintiffs' dilatory conduct. "A protracted lawsuit ties up the defendant's time and prolongs the uncertainty and anxiety that are often the principal costs of being sued. Delay may also make it more difficult to mount an effective defense." *Ball v. City of Chicago*, 2 F.3d 752, 759 (7th Cir. 1993). Regarding the third factor, Plaintiffs have been warned repeatedly not only their failure to cooperate "could" lead to dismissal, but that the Court would dismiss this case if Plaintiffs failed to comply with the Order to Show Cause. (ECF No. 28.) And finally, with regard to the fourth

factor, the Court finds that dismissal is the appropriate sanction even though no less drastic sanction has been imposed first. The Sixth Circuit has "never held that a district court is without power to dismiss a complaint, as the first and only sanction," and is "loathe to require the district court to incant a litany of the available sanctions." *Shafer*, 529 F.3d at 738. Where, as here, Plaintiffs "fail[ ] to adhere to readily comprehended court deadlines of which [they are] well-aware,' [dismissal for failure to prosecute] is appropriate." *Nationwide Life Ins. Co. v. Penn-Mont Benefit Servs., Inc.*, No. 16-4707, 2018 WL 1124133, at *6 (6th Cir. Jan. 31, 2018) (quoting *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

Dismissal for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotations omitted). "A district court must be given substantial discretion in serving these tasks." *Id.* Accordingly, pursuant to Local Rule 41.2 and in consideration of the factors discussed above, this case is dismissed.

**SO ORDERED.**

                                                    s/ Nancy G. Edmunds
                                                    Nancy G. Edmunds
                                                    United States District Judge

Dated: January 4, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 4, 2023, by electronic and/or ordinary mail.

        s/ Lisa Bartlett
        Case Manager